IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASMON STALLINGS, #B83576,

        Petitioner,

vs.                                           No. 3:15-cv-00171-DRH

TERRY WILLIAMS,
Warden, Illinois Department
of Corrections,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Jasmon Stallings is currently incarcerated in the Stateville Correctional Center in Joliet, Illinois (Doc. 1). Proceeding *pro se*, Stallings has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 conviction in the Circuit Court of St. Clair County for first-degree felony murder under 720 ILCS 5/9-1(a)(3). *See People v. Stallings*, 876 N.E.2d 332 (Ill. App. Ct. 2004). Stallings contends that his state conviction violates federal constitutional safeguards because he was found guilty of a charge that was actually dismissed before trial, because the trial judge instructed the jury on a charge that was dismissed before trial, because the trial judge improperly allowed the prosecutor to impeach a witness with prior inconsistent statements, because trial counsel did not object to the purportedly incorrect jury instructions and the prosecutor's questioning of a witness, because trial counsel did not challenge testimony related to his use of a weapon, and because trial counsel and

post-conviction counsel did not investigate three other witnesses that police previously interviewed. (Doc. 1 at 6-7).

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Procedural History

In 2003, Petitioner Stallings was found guilty of first-degree felony murder in the Circuit Court of St. Clair County for killing John Redmond, a taxicab driver, while attempting to rob him. (Doc. 1 at 20.) Stallings was sentenced to thirty-five years in prison. (*Id.*) Stallings then appealed, claiming that his sentence was an abuse of discretion. (*Id.* at 2.) On August 16, 2004, the Illinois Court of Appeals rejected Stallings' argument and affirmed his judgment and sentence. *People v. Stallings*, 876 N.E.2d 332 (Ill. App. Ct. 2004). Stallings then sought leave to appeal from the Supreme Court of Illinois, which was summarily denied on November 24, 2004. *People v. Stallings*, 824 N.E.2d 290 (Ill. 2004). According to Stallings' petition, he did not seek a writ of *certiorari* from the United States Supreme Court. (Doc 1 at 2).

On March 11, 2005, Stallings filed his first post-conviction petition with the Illinois circuit court pursuant to 725 ILCS 5/122-1 *et seq.*, claiming that his

conviction was improper because the jury had contact with the prosecution during Stallings' trial and because his appellate counsel was ineffective for not raising all of the claims that defense counsel had included in a post-trial motion (*Id.* at 3, 20-21). Defense counsel's post-trial motion, in turn, claimed that Stallings was deprived of a fair trial when a juror spoke with a witness for the State and when the State used prior statements by a juvenile witness to impeach him. (*Id.* at 20-21.) The circuit court dismissed the petition as frivolous pursuant to 725 ILCS 5/122-2.1(a)(2), and Stallings appealed (*Id.* at 20.) On September 5, 2008, the Illinois Court of Appeals affirmed the dismissal of the trial court. *People v. Stallings*, 968 N.E.2d 226 (Ill. App. Ct. 2008). Stallings did not seek leave to appeal that decision with the Supreme Court of Illinois (Doc. 1 at 3).

On April 17, 2012, Stallings filed a motion for leave to file a second petition for post-conviction relief with the Illinois circuit court, putting forth three general sources of error concerning his trial that he would raise in a successive petition, if permitted to do so by the court (*Id.* at 21-22). First, Stallings claimed that the State committed prosecutorial misconduct by failing to turn over to the defense, in advance of trial, statements made to the police by several witnesses (*Id.*). Second, Stallings claimed that his trial counsel was ineffective for failing to interview those witnesses, for failing to move for the mid-trial dismissal of a juror who purportedly had improper contact with one of the State's potential witnesses, for failing to challenge the admission of a prior statement by a juvenile witness, and for failing to attack the testimony of a co-defendant who testified pursuant to

a plea agreement (*Id.*). Finally, Stallings claimed that the trial court erred when it instructed the jury on an attempted armed robbery charge when the only charge submitted to the jury was first-degree felony murder (*Id.*). To demonstrate cause to proceed with a second petition and prejudice if he was not permitted to do so, Stallings claimed that he was unable to raise these claims in his initial post-conviction petition because he did not have the information necessary to substantiate his claims, because he did not know he could file ineffective assistance claims against trial counsel, and because of an accident in 1994 that caused minor brain damage (*Id.* at 22). On August 2, 2012, the circuit court denied Stallings' motion for leave to file a new petition (*Id.*).

Stallings appealed the circuit court's ruling. On August 4, 2014, the appellate court affirmed the decision to deny Stallings leave to file a second post-conviction petition. *People v. Stallings*, No. 5-12-0374, 2014 IL App (5th) 120374-U, at *5 (Ill. App. Ct. Aug. 4, 2014). The court held that most of Stallings' new claims were not new at all – he either already raised them in his first petition, or they concerned "facts or incidents that were revealed or that occurred during the course of [Stallings'] trial," meaning that they "could have been raised in the first postconviction petition." *Id.* at *4. As such, the appellate court found that they were "either forfeited or *res judicata*." *Id.* For the claim related to the witnesses that did not testify, all of whom Stallings says he located via a Freedom of Information Act ("FOIA") request, the court ruled there was no prejudice linked to the failure to investigate those witnesses at trial, as nothing in the witness

statements exculpated Stallings. *Id.* Stallings again sought leave to appeal with the Supreme Court of Illinois, which was denied on November 26, 2014 (Doc. 1 at 27).

On February 18, 2015, Stallings filed the instant § 2254 petition in this Court (*Id.* at 1).

## Discussion

Read liberally, Stallings' federal petition puts forth four general sources of error. First, Stallings claims that he was improperly found guilty of a charge of felony murder when the trial dealt only with a discussion of armed robbery. (*Id.* at 6.) On this point, Stallings insists that any conviction linked to armed robbery was improper, as the discrete armed robbery charge was dismissed before trial. For similar reasons, he also argues that the circuit court acted improperly when it instructed the jury on the elements of armed robbery. (*Id.*) Second, Stallings faults the circuit court for allowing the State to impeach a juvenile witness with prior statements. (*Id.* at 7.) Third, Stallings faults his trial counsel for not objecting to the robbery jury instructions, for not objecting to the State's efforts to impeach the juvenile witness, and for not disputing the admission of testimony related to the weapon Stallings used, as any testimony on it was improper because Stallings was not charged with robbery. (*Id.*) Finally, Stallings argues that his trial counsel and his post-conviction counsel were ineffective for not investigating three witnesses – witnesses who he located via a Freedom of Information Act Request seemingly after trial. (*Id.*)

The main problem with almost all of Stallings' habeas claims is the statute of limitations, which was designed to "streamline and simplify" the habeas system in order to reduce the "interminable delays" in petitions. *See Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) Under 28 U.S.C. § 2244(d)(1), the one-year limitations period for filing a habeas application runs from the latest of the four dates set out in subsections (A) through (D). These are:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Two statute of limitations points are critical to Stallings' petition. For one, the habeas statute of limitations is applied on a claim-by-claim basis – merely including a claim possibly covered by Subsection (D) with claims covered under other subsections does not mean that Subsection (D) applies to all claims. *Nelson v. Gaetz*, No. 11-cv-1011, 2013 WL 3421887, at *2 (S.D. Ill. July 8, 2013) (holding that the "limitation period of § 2244(d)(1) applies on a claim-by-claim basis); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (Alito, J.) (concluding that "28 U.S.C. § 2244(d)(1), like other statute of limitations

provisions, must be applied on a claim-by-claim basis," and applying Subsection (A) to claims that a petitioner was aware of from trial and Subsection (D) to newly-discovered claims). Second, while § 2244(d)(2) removes the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" from the one-year clock, this provision operates by "exclud[ing] particular time from the year, not restart[ing] that year" the moment a new state petition is filed. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009); *see also United States ex rel. Merced v. Hulick*, No. 07 C 5849, 2008 WL 4091009, at *2 (N.D. Ill. Aug. 22, 2008) (noting that § 2244(d)(2) "temporarily stops the statute of limitations clock" for properly filed state applications, and that the clock only "remain[s] paused" during that time).

Applying § 2244 here, it is clear that the majority of Stallings' claims concern facts that he has known about since his trial in 2003. Because the factual bases for those claims have been known since his trial, "subsection (A) governs." *Varner*, 379 F.3d at 122. Under Subsection (A), Stallings conviction became final on February 22, 2005,[1] giving him one year from that date to bring the habeas claims he was aware of from his trial, absent statutory or equitable tolling. He filed his initial motion for state collateral review on March 11, 2005, and that review concluded on September 5, 2008, statutorily tolling the time to

---

[1] Stallings claim became final on February 22, 2005, because Subsection (A) includes the time period for which a prisoner could file a writ of *certiorari* with the United States Supreme Court, so long as a petitioner sought review in the State's highest court. *Gonzalez v. Thaler*, 123 S. Ct. 641, 654 (2012).

bring Subsection (A) claims to August 19, 2009, at the latest. (*See* Doc. 1 at 3 & 21.) His second state collateral period does not pause the clock for Subsection (A) claims, as that petition was not filed until April 17, 2012, long after the clock for Subsection (A) claims had run. *See*, *e.g.*, *De Jesus*, 567 F.3d at 942 (holding that a "state proceeding that does not begin until the federal year has expired is irrelevant"); *United States ex rel. Lewis v. Godinez*, No. 11 C 6859, 2012 WL 2567018, at *2 (N.D. Ill. June 28, 2012) (ruling that "state habeas complaints" that "were not filed until after the one-year limitations period had expired" did not "have any tolling effect"). In sum, all of Stallings' Subsection (A) claims – which relate to conduct that occurred at trial and which he has been aware of since then – appear untimely unless they were tolled on another basis.

Equitable tolling could also apply to Stallings' petition, however it is "rarely granted," and is only appropriate where a petitioner demonstrates "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition" and "that he has diligently pursued his claim, despite the obstacle." *Tucker v. Kingston*, 538 F.3d 732, 734-35 (7th Cir. 2008). The party seeking to invoke equitable tolling has "the burden to demonstrate his own diligence in pursuing his claim." *Id.* at 735.

While Stallings has not alleged any hurdle to making a timely federal filing, the Illinois Court of Appeals' opinion for his second state petition mentions Stallings' allegations of memory issues stemming from a 1994 bicycle accident, and his motion in this Court for counsel also states that he has "suffered brain

damage [since] he was 11 and can't argue like a normal person." (Doc. 1 at 26; Doc. 3 at 1.) Any equitable tolling claim based on these facts would fail under both of the prongs from *Tucker*. First, there is no indication that Stallings' mental health issues precluded him from being aware of the facts at trial or from filing a federal petition before 2015; on the contrary, he was able to make many claims concerning facts at trial in his first state collateral petition, which he filed *pro se* in 2005. In his 2005 state filing, Stallings included a claim "concerning the juror who contacted and spoke with the potential State's witness, as well as a claim concerning the trial prosecutor's use of [the juvenile's] prior inconsistent statements." (Doc. 1 at 25-26.) Second, there is no indication that Stallings made any effort whatsoever to pursue his claims in federal court despite his purported memory problems – he could have made some attempt to raise those claims as early as 2008, but instead waited until April 2015. In the end, because "there is no evidence to suggest that [Stallings'] mental impairment caused him to miss the deadline for filing his petition," the "doctrine of equitable estoppel does not save his time-barred claims," and they must be dismissed with prejudice. *See United States ex rel. Shafford v. Davis*, No. 11 C 3781, 2013 WL 139818, at *2 (N.D. Ill. Jan. 10, 2013).[2]

---

[2] In the Illinois Court of Appeals, Stallings also suggested that he was unable to bring the claims in his second state collateral petition at an earlier point because "at the time he prepared his first postconviction petition, he was unaware that he could include in a postconviction petition claims of ineffective assistance of trial counsel." (Doc. 1 at 26.) To the extent he might put forth the same unfamiliarity here to justify equitable tolling, the Seventh Circuit has held that a "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

Stallings' final claim in his federal habeas petition – concerning three witnesses he claims he discovered via a FOIA request – presents a more difficult question for screening purposes. To the extent he argues that his conviction was unconstitutional due to the conduct of post-conviction counsel, this claim must fail, as there is no federal constitutional right to state post-conviction counsel. *Wilson v. Briley*, No. 99 C 5899, 2003 WL 23521296, at *6 (N.D. Ill. Dec. 19, 2003) (dismissing habeas claim for ineffective assistance of state post-conviction counsel because "there is no constitutional right to post-conviction counsel," and thus such a claim "cannot provide grounds for federal habeas corpus relief"). However, to the extent this claim concerns the conduct of trial counsel, it cannot be ruled out at this stage. It is unclear when Stallings filed his FOIA request and whether he was already aware of the witnesses related to that request during trial, making the limitations assessment difficult at this phase. It is also possible that the Illinois courts' decision to refuse a second petition could serve as an adequate and independent ground barring federal review. These issues cannot be readily determined from the face of Stallings' petition. As such, Respondent will be required to respond to this claim.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, all of Stallings' claims, other than his trial counsel's claim related to the three witnesses Stallings located via his FOIA request, are summarily **DISMISSED with prejudice** from the petition for writ of habeas corpus.

**IT IS HEREBY ORDERED** that Respondent shall answer Stallings' petition concerning the non-dismissed state trial counsel claim or otherwise plead within thirty (30) days of the entry of this order (**on or before April 3, 2015**).[3]  This order to respond does not preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present to the Court.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 4th day of March, 2015

Digitally signed by David R. Herndon
Date: 2015.03.04 15:16:04 -06'00'

**Judge David R. Herndon**
**United States District Judge**

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* Southern District of Illinois Electronic Filing Rule 3.