**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JASMON STALLINGS,**

             **Petitioner,**

**vs.**                                   **Civil No. 15-cv-171-DRH-CJP**

**GREG GOSSETT,**

             **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, Jasmon Stallings, was convicted of first degree felony murder by a jury in St. Clair County, Illinois, in 2003. He was sentenced to thirty-five years imprisonment.

In February 2015, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1), raising the following grounds:

1. Petitioner was improperly found guilty of felony murder predicated on armed robbery because the armed robbery charge was dismissed prior to trial.

2. The trial court erred by allowing the State to impeach a juvenile witness with prior statements.

3. Petitioner's trial counsel was ineffective for failing to object to the robbery jury instructions, failing to object to the State's efforts to impeach a juvenile witness, and for not disputing the admission of testimony related to petitioner's weapon.

4. Trial counsel and postconviction counsel were ineffective for failing to investigate three additional witnesses.

This matter is now before the Court on respondent's Motion to Dismiss Habeas Petition as Time-Barred. Doc. 20. Petitioner responded to the motion at Doc. 23.

**Relevant Facts**

In 2003, petitioner was found guilty of first-degree felony murder in the Circuit Court of St. Clair County and was sentenced to thirty-five years imprisonment. Doc. 1 at 20. On appeal, petitioner's conviction was affirmed and the Illinois Supreme Court summarily denied his petition for leave to appeal (PLA) in November 2004. *People v. Stallings*, 876 N.E.2d 332 (Ill. App. Ct. 2004), *People v. Stallings*, 824 N.E.2d 290 (Ill. 2004). He did not seek a writ of certiorari from the United States Supreme Court.

In March 2005, petitioner filed a state postconviction petition with the Illinois circuit court pursuant to 725 ILCS 5/122-1, *et seq*. The trial court denied the petition and, in September 2008, the appellate court affirmed the dismissal. *People v. Stallings*, 968 N.E.2d 226 (Ill. App. Ct. 2008). Petitioner did not appeal that decision with the Supreme Court of Illinois.

Petitioner filed a motion for leave to file a successive postconviction petition on April 17, 2012. He claimed his trial counsel was ineffective for failing to interview three witnesses at trial and he was unable to raise this claim in his initial postconviction petition. In August 2012, the circuit court denied petitioner's motion for leave to file a new petition. Doc. 1 at 22. Stallings appealed and in August 2014, the appellate court affirmed the decision to deny leave to file his second postconviction petition. *People v. Stallings*, No. 5-12-0374, 2014 IL App

(5th) 120374-U, at *5 (Ill. App. Ct. Aug. 4, 2014).

In September 2013, petitioner filed a second motion for leave to file a successive postconviction petition. Doc. 20, Ex. D. The trial court denied leave and petitioner appealed. That appeal remains pending. Doc. 20, Ex. D, E.

On February 8, 2015, petitioner filed his § 2254 petition with this Court and raised four separate claims. Doc. 1. This Court dismissed petitioner's first three claims as untimely under 28 U.S.C. §2244(d)(1)(A) because his §2254 petition was filed several years after his initial round of state postconviction review. This Court also dismissed a portion of petitioner's fourth claim and ordered respondent to address the portion of petitioner's fourth claim regarding trial counsel's performance.

### Applicable Legal Standards

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner alleges his habeas claim arises out of newly-discovered facts and §2244(d)(1)(D) governs his petition. Therefore, the one-year statute of limitations began to run when petitioner knew, or could have known through due diligence, about the newly-discovered facts. Petitioner was aware of the additional witnesses, at the latest, on April 17, 2012, when he first raised this claim. Doc. 1 at 24-25.

The one-year statute began running on April 17, 2012 and petitioner's brief was due one year later. Petitioner filed his §2254 on February 8, 2015 and therefore his petition is untimely unless statutory or equitable tolling applies.

Petitioner argues his claim should have been tolled while the state courts were ruling on his 2012 postconviction petition. However, as respondent notes, only properly filed postconviction petitions can statutorily toll the statute of limitations. 28 U.S.C.S. §2244(d)(2). The Seventh Circuit has held that determining "[w]hether a collateral attack was 'properly filed' can be determined... by looking at how the courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). The circuit court denied Stallings' motion for leave to file a new petition without reviewing the merits and therefore it was not properly filed. *See also, Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) ("[T]he period during which a request to file a successive petition is pending in Illinois state court does not toll the statute of limitations on actions under § 2254 unless permission is granted.").

Additionally, petitioner's second postconviction petition was not filed until September 9, 2013 well after the statute of limitations expired on April 17, 2013. Doc. 20, Ex. D. The Seventh Circuit has stated that "a state proceeding that does not begin until the federal year has expired is irrelevant." *DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Since petitioner's 2013 postconviction petition

was filed after the expiration of the federal limitations period it does not impact the timeliness analysis above.

This Court previously analyzed the availability of equitable tolling for the case at hand and determined it was inapplicable. Doc. 6 at 8-11. As stated, in order for equitable tolling to be appropriate petitioner must show he was pursuing his rights diligently and some extraordinary circumstance stood in his way. *Holland*, 130 S. Ct. at 2562. Petitioner presented no evidence that either prong of the *Holland* standard was met, let alone both. Additionally, petitioner bears the burden of showing that he is entitled to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). He has not made any attempt to make such a showing.

Petitioner contends that this Court's previous determinations regarding timeliness and ineffective assistance of counsel should be reevaluated in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Doc. 19. *Trevino* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*.; *Martinez v. Ryan*, 132 S. Ct. 1309, 182 (2012).

The *Trevino/Martinez* rule does not apply here because the rule is limited to ineffective assistance in initial-review collateral proceedings, i.e., proceedings at the trial court level on the postconviction petition. The rule does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-

review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review. . . ." *Martinez*, 132 S.Ct. at 1320.

Petitioner has not made a claim of actual innocence sufficient to overcome his procedural default. The Supreme Court held in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin* reaffirmed the *Schlup* standard for a credible showing of actual innocence, cautioning that "tenable actual-innocence gateway pleas are rare" and describing the *Schlup* standard as "demanding" and "seldom met." *McQuiggin*, 133 S. Ct. at 1928.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 115 S. Ct. 851, 865 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006). Petitioner has not even attempted to demonstrate a claim of actual innocence sufficient to overcome his procedural default.

Finally, respondent notes that timeliness aside, petitioner's claim is procedurally defaulted. Petitioner was denied leave to file his first successive postconviction petition for failing follow Illinois procedural rules, namely 725 ILCS 5/122-1(f). Doc. 1 at 21-26. "[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal habeas review." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). As a result, petitioner's federal habeas review is blocked.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing §2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a certificate of appealability to be issued.

Here, it is apparent that Stallings' petition is time-barred. No reasonable

jurist would find this issue debatable. Accordingly, the Court denies a certificate of appealability.

**<u>Conclusion</u>**

Respondent's Motion to Dismiss Habeas Petition as Time-Barred (Doc. 20) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 14th day of July, 2015.

**United States District Judge**
